

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00116-CV

---

IN RE LUKAS HALE

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator, Lukas Hale, is the dependent administrator of the Estate of Z.T.W. At the time of his death, Z.T.W. was a child under the managing conservatorship of Real Parties in Interest, Hart Clawson and Leona Clawson.

Hale contends that the Clawsons are responsible for the death of Z.T.W. Whether Hale's contention is correct is not before us. The question placed before us, via Hale's petition for a writ of mandamus, is whether, as dependent administrator acting on behalf of the estate, Hale may sue the Clawsons on his own initiative, or whether he must obtain the permission of the probate court before suing the Clawsons in district court. Via oral order of October 15, 2025, the probate court required Hale to obtain permission before suing but postponed hearing on whether permission would be granted to a later date. Hale contends that the probate court's oral order is in error and that the error is harmful because Z.T.W died on January 16, 2024, meaning that the two-year statute of limitations is fast approaching.

We requested a response from the Clawsons. We did not receive one.

We find Hale's petition meritorious.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). That said, "[t]rial courts have 'no "discretion" in determining what the law is or applying the law to the facts.'" *In re UMTH Gen. Servs., L.P.*, No. 24-0024, 2025 WL 3180859, at *6 n.45 (Tex. Nov. 14, 2025) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124,

2

135 (Tex. 2004) (orig. proceeding)). That is so "even when the law is unsettled." *In re State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding). In that sense, "[a] trial court's 'error of law' or 'erroneous application of law to facts[]' . . . 'is always an abuse of discretion.'" *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d at 835 (quoting *In re Facebook, Inc.*, 625 S.W.3d 80, 86 (Tex. 2021) (orig. proceeding)). "The second requirement—appeal is an inadequate remedy—is fulfilled where a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (per curiam) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding)). "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'" *Id.* (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136, 137).

We find the first requirement to be met because the probate court made an error of law.[1] "An executor or administrator appointed in this state may commence a suit for . . . recovery of personal property, debts, or damages . . . ." TEX. EST. CODE ANN. § 351.054(a)(1). Filing suit is not on the statutory list of things a personal representative of an estate may do "without application to or order of the court." TEX. EST. CODE ANN. § 351.052(a). But Section 351.052 is

---

[1]Although "[m]andamus actions based upon a court's oral pronouncements are generally discouraged," "[a]n oral order by a trial judge may be considered on mandamus . . . if it is adequately shown by the trial court record." *In re T.B.*, No. 06-22-00090-CV, 2022 WL 17814249, at *1 (Tex. App.—Texarkana Dec. 20, 2022, orig. proceeding) (mem. op.) (quoting *In re Long*, No. 06-20-00039-CV, 2020 WL 5028779, at *4 (Tex. App.—Texarkana Aug. 25, 2020, orig. proceeding) (mem. op.). "An oral ruling is subject to mandamus review only if it is clear, specific, and enforceable." *Id.* (quoting *In re Long*, 2020 WL 5028779, at *4). "An appellate court can determine whether an oral order meets these criteria by reviewing the reporters record from the hearing." *Id.* (quoting *In re Long*, 2020 WL 5028779, at *4). We conclude that the trial court's oral order here is sufficiently clear, specific, and enforceable to be considered on mandamus.

a non-exclusive list that is supplemented by Section 351.054(a). *See In re Est. of Hodges*, No. 02-20-00020-CV, 2022 WL 1420976, at \*4 n.3 (Tex. App.—Fort Worth May 5, 2022, pet. denied) (mem. op.) (observing that "the [Estates C]ode does not specify that an administrator in a dependent administration does not have the authority to commence or defend existing lawsuits without court approval" and holding that the dependent administrator "did not need court authority" to commence a suit within the scope of Section 351.054(a)). A survival action is a suit within the scope of Section 351.054(a). *See* TEX. EST. CODE ANN. § 22.028(3) (defining "[p]ersonal property" of the estate to include "a chose in action");[2] *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005) ("In general, only the estate's personal representative has the capacity to bring a survival claim."). Therefore, while the probate court may have looked solely to Section 351.052, we find that Section 351.054(a)(2) grants Hale, as the dependent administrator, authority to initiate suit on behalf of the estate of Z.T.W.[3]

We find the second requirement to be met as well, because the probate court's error of law put Hale to the Hobson's choice of violating a court order or risk the expiration of limitations. *See In re Tchokoev*, No. 12-22-00193-CV, 2022 WL 17074847, at \*3 (Tex. App.—Tyler Nov. 17, 2022, pet. denied) (mem. op.) ("Parties must generally obey even an invalid order until it is overturned on appeal. . . . A party's failure to comply with a court order could result in the party being held in contempt or in other sanctions being imposed." (citations omitted)); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (per curiam) (orig. proceeding)

---

[2]A chose in action is "[t]he right to bring an action to recover a debt, money, or thing." *Chose in Action*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[3]Accordingly, we do not reach Hale's arguments regarding what pre-screening standard should be used by the probate court if Hale were required to submit the anticipated suit to pre-screening.

4

("An appeal is inadequate when parties are in danger of permanently losing substantial rights. Such a danger arises when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." (footnote omitted) (citation omitted)); *In re Euless Pizza, LP*, 702 S.W.3d 543, 548 (Tex. 2024) (per curiam) (orig. proceeding) ("Mandamus relief is appropriate where a 'party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—[would be] severely compromised' were the erroneous ruling not corrected before trial." (alteration in original) (quoting *In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 256 (Tex. 2021) (orig. proceeding)).

Accordingly, we conditionally grant the petition for a writ of mandamus. The trial court is ordered to withdraw its oral order of October 15, 2025, requiring Hale to obtain the trial court's approval before filing a survival suit on behalf of Z.T.W.'s estate. The writ will issue only if the trial court fails to comply within fourteen days.


Jeff Rambin
Justice


Date Submitted:     December 2, 2025
Date Decided:       December 3, 2025


5